FILED
SUPERIOR COURT
OF GUAM

2026 JUL 27 PM 2: 14

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRISTOPHER A. TORRES, ELAINE D. ULLOA Executrix of the Estate of Steven L. Ulloa, and LISA ULLOA,<br><br>Plaintiffs,<br><br>vs.<br><br>CHAMORRO EQUITIES, INC. ROBERT V. ULLOA, GERALD D. HARTWICK, and KENNETH E. THOMPSON,<br><br>Defendant. | CIVIL CASE NO. CV0379-22<br><br><br><br><br>**Decision and Order** |
| CHAMORRO EQUITIES, INC.,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. TORRES, ELAINE D. ULLOA Executrix of the Estate of Steven L. Ulloa, and LISA ULLOA,<br><br>Counterclaim-Defendants. | |

## INTRODUCTION

Before the Court is Defendants Robert V. Ulloa, Gerald D. Hartwick, and Kenneth E. Thompson's (collectively, the "CEI Officers") Motion for Reconsideration. The Motion seeks reconsideration of this Court's August 20, 2025 Decision and Order denying the CEI Officers' Motion for Summary Judgment. Appearing on behalf of Plaintiff Christopher A. Torres was Attorney Braddock Huesman. Appearing on behalf of the CEI Officers was Attorney Mitchell F. Thompson. The Court finds that reconsideration is not warranted.

## BACKGROUND

This action arises from a dispute over the transfer of shares in Chamorro Equities, Inc. ("CEI") and CEI's refusal to recognize those transfers. Plaintiff Christopher A. Torres ("Torres") alleges that Defendants interfered with his contractual and shareholder rights following his purchase of shares from existing CEI shareholders. *See* Am. Compl. 7–12 (Jan. 5, 2024).

On February 28, 2022, and March 11, 2022, Torres entered into agreements with Lisa A. Ulloa and Steven L. Ulloa to purchase their CEI shares, including the associated economic interests and proxies. *Id.* On May 10, 2022, Torres notified CEI of the transactions and requested that the shares be registered in his name. *Id.* CEI rejected the request the same day, asserting that the transfers violated Article 5.1 of its Articles of Incorporation, which provides a right of first refusal. *Id.*

Torres alleges that Defendants Robert V. Ulloa, Gerald D. Hartwick, and Kenneth E. Thompson (the "CEI Officers") acted without proper Board authorization and intentionally

interfered with the transfers to prevent him from obtaining the associated voting and economic rights. *Id.*

On September 3, 2024, the CEI Officers moved for summary judgment. *See* Mem. P. & A. Supp. Mot. Summ. J. at 1 (Sept. 3, 2024). Plaintiffs opposed, and the CEI Officers replied, asserting that their actions were proper and ratified by CEI's Board. *See* Opp'n at 2–3 (Sept. 27, 2024); Reply at 2–3 (Oct. 14, 2024). Following a hearing on May 13, 2025, the Court denied the motion, finding genuine issues of material fact as to the Officers' authority and motives. *See* Decision & Order at 3–6 (Aug. 20, 2025).

On September 10, 2025, the CEI Officers filed a Motion for Reconsideration under Rule 54(b), arguing that the Court failed to consider evidence of Board ratification and that the absence of an enforceable contract precludes the tortious interference claim. *See* Mem. P. & A. Supp. Mot. Recons. at 1–4 (Sept. 10, 2025). The matter is now before the Court on that motion.

## DISCUSSION

In resolving the present Motion, the Court first sets forth the legal standard governing reconsideration under Rule 54(b) and CVR 7.1(i). The Court then addresses Defendants' two primary arguments: (1) whether alleged ratification by CEI's Board of Directors constitutes a material fact requiring reconsideration, and (2) whether the Court's prior ruling regarding CEI's obligations under Article 5.1 precludes Plaintiff's claim for tortious interference with contract. The Court concludes that neither argument satisfies the narrow standard for reconsideration, as both raise issues previously considered and fail to eliminate genuine disputes of material fact.

## I. Defendants Fail to Demonstrate Grounds for Reconsideration Under Rule 54(b).

A motion for reconsideration of an interlocutory order is governed by Rule 54(b) of the Guam Rules of Civil Procedure, which permits revision of such orders prior to final judgment. However, reconsideration under CVR 7.1(i), may be granted only where there is: (1) a material difference in fact or law that could not have been known earlier through reasonable diligence; (2) the emergence of new material facts or a change of law; or (3) a manifest showing of a failure to consider material facts presented to the Court" before the decision.

Defendants first argue that the Court failed to consider material facts, specifically that CEI's Board of Directors ratified the Officers' conduct. *See* Defs.' Mem. P. & A. Supp. Mot. Recons. at 2–3 (Sept. 10, 2025). This argument is unpersuasive. The issue before the Court on summary judgment was not merely whether a ratification document existed, but whether the CEI Officers acted within the scope of their authority, in good faith, and for a proper corporate purpose. As the Court previously held, these issues turn on questions of motive, intent, and the surrounding circumstances, which are inherently fact-intensive and not appropriate for resolution as a matter of law. *See* Decision & Order at 4–5 (Aug. 20, 2025).

Even assuming that the Board adopted a resolution purporting to ratify the Officers' conduct, such ratification does not, by itself, eliminate triable issues of fact. Ratification does not automatically insulate corporate officers from liability where there are allegations that they acted in bad faith, exceeded their authority, or engaged in self-interested conduct. Defendants' reliance on ratification therefore goes to the weight of the evidence, not the absence of a genuine dispute.

Defendants next contend that reconsideration is warranted because a valid and enforceable contract is a necessary predicate for a claim of tortious interference, and that the

Court's prior ruling regarding Article 5.1 renders the underlying agreements unenforceable. *See* Defs.' Mem. P. & A. Supp. Mot. Recons. at 3–4. While it is true that Guam law requires the existence of a valid contract to sustain such a claim, Defendants' argument misapprehends the scope of the Court's prior ruling. The Court's March 6, 2025 Decision and Order addressed CEI's obligations under its Articles of Incorporation and concluded that CEI was not required, at that time, to recognize the share transfers. That ruling did not adjudicate the validity of the underlying agreements as between the contracting parties, nor did it determine the legality of the Officers' conduct in allegedly interfering with those agreements. *See* Decision & Order at 3–4 (Aug. 20, 2025). Thus, the prior ruling does not foreclose the possibility that enforceable contractual rights existed for purposes of a tortious interference claim, nor does it resolve whether Defendants' conduct improperly disrupted those rights.

Additionally, Plaintiffs' claims against the CEI Officers include allegations of improper motive and misuse of corporate authority. As previously noted, whether the Officers acted with a proper corporate purpose or instead to advance personal or familial interests presents a disputed issue of fact. Accordingly, any perceived tension between the Court's prior rulings does not constitute clear error or manifest injustice warranting reconsideration.

In sum, Defendants have failed to identify newly discovered evidence, demonstrate clear error, or establish manifest injustice. Rather, they seek to reargue positions already considered and rejected by the Court. Such arguments do not justify reconsideration. The Motion is therefore denied.

## <u>CONCLUSION</u>

Accordingly, the Motion for Reconsideration is DENIED.

**IT IS SO ORDERED** _____JUL 2 7 2026_____ .



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**